IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

June 20, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,               )
                                  )
          Appellee,               )         No. 02C01-9605-CC-00179
                                  )
                                  )         Hardin County
v.                                )
                                  )         Honorable C. Creed McGinley, Judge
                                  )
TIMOTHY SCOTT PORTER,             )          (Burglary)
                                  )
          Appellant.              )


For the Appellant:                          For the Appellee:

Guy T. Wilkinson                            Charles W. Burson
Public Defender                             Attorney General of Tennessee
    and                                         and
Richard DeBerry                             M. Allison Thompson
Assistant Public Defender                   Assistant Attorney General of Tennessee
P.O. Box 663                                450 James Robertson Parkway
Camden, TN 38320                            Nashville, TN 37243-0493

                                            G. Robert Radford
                                            District Attorney General
                                            P.O. Box 686
                                            Huntingdon, TN 38344-0686
                                                    and
                                            John Overton
                                            Assistant District Attorney General
                                            Main Street, P.O. Box 484
                                            Savannah, TN 38372


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Timothy Scott Porter, appeals as of right from a jury conviction in the Circuit Court of Hardin County for burglary, a Class D felony. The defendant was sentenced as a Range I, standard offender to four years in the custody of the Department of Correction to be served consecutively to an earlier sentence for a felony theft conviction. In this appeal, he contends that the evidence is insufficient to support his conviction and that the trial court was not correct in its use of enhancement factors in setting the length of his sentence. We disagree and affirm the trial court's judgment of conviction.

Jason Durham testified that he and Amy McClearn were walking towards the swings at the Middle School on March 21, 1995, at approximately 10:00 p.m. when the school's alarm went off. He stated that when he turned to look at the school, he saw someone leaving the building and the door slamming behind. According to Durham, the person was carrying a book satchel over one shoulder. He said that he yelled, but the person ran behind the school. Durham stated that he then ran to McClearn's car. He said that the person ran in front of the car, pausing momentarily when he turned on the headlights before running down a street away from the school. Durham testified that although he could not tell who the person was earlier, he recognized the person as being the defendant when he ran in front of the car. He stated that he got out of the car and tried to run after the defendant but was unable to do so because he was wearing sandles. Durham recalled seeing the defendant turn on a flashlight near the woods before he went out of his sight. He said that he then went to a hotel and called the police.

Durham also testified that after the police and the principal arrived, they discovered several packs of ball cards and a screwdriver near the woods where the

2

defendant disappeared. Durham also said that he told Officer Donald Derr that the person he saw exit the building was the defendant and that he identified the defendant from a photographic lineup. On cross-examination, Durham admitted that the identification could have been approximately three days after the offense. He stated that he had known the defendant for a long time. He also admitted telling some people that he was not sure whether the person was the defendant but explained that he made the comment because he did not want to talk to them about it.

Amy McClearn testified that she was with Durham at the Middle School on the night of the offense. She recalled hearing a loud banging noise that sounded like a door slamming coming from the school around 9:30 p.m. She stated that she heard an alarm immediately after the noise and saw someone running from the school. She testified that she obtained a good look at the person as he passed in front of her car's headlights approximately six to eight feet away. She identified the person as the defendant and stated that she had seen him on earlier occasions. McClearn stated that she saw the defendant carrying a backpack. She said that they drove towards the woods and that Durham exited the car and tried to run after the defendant who disappeared in the woods. She testified that they then called the police. McClearn said that she later talked to Officer Derr at the police station a couple of days later and identified the defendant from a photographic lineup as the person she saw leaving the school. On cross-examination, McClearn admitted that she did not recognize the defendant as the person who came out of the school until he ran in front of her car. She denied seeing the defendant run behind the school and claimed that the defendant never left her sight until he entered the woods.

Officer Jim Davis testified that he responded to an alarm call between 9:00 and 10:00 p.m. at the Middle School. He stated that at least two of the doors were open and that there were some scratches on one of the doors. Officer Davis testified

3

that both Durham and McClearn identified the defendant as the person they saw exiting the building and described him as being a small man with short, light brown hair, wearing blue jeans, a red shirt and a cap, and carrying a black knapsack. He said that they told him that the defendant was carrying what appeared to be several boxes of baseball cards and a flashlight. Officer Davis testified that he discovered several packages of baseball cards and a screwdriver in the area where the defendant ran. According to Officer Davis, the school is normally locked after school hours. On cross-examination, Officer Davis conceded that no one reported anything being missing from the school.

Officer Donald Derr of the Savannah Police Department testified that he spoke to Durham and McClearn as part of his investigation. He said that both of them gave a written statement naming the defendant as the person they saw leaving the school. He stated that Durham and McClearn also identified the defendant from a photographic lineup. On cross-examination, Officer Derr conceded that McClearn said that she "believed" the person was the defendant and that the person ran out of the school and went behind South Elementary School. He also stated that he attempted to obtain fingerprints from the baseball cards but none were identifiable. Officer Derr also testified that a theft was not reported in conjunction with the burglary of the school.

Pam Brown testified that she along with her husband and some other people were playing basketball at North Elementary School from approximately 6:00 p.m. to 11:00 p.m. She stated that the defendant was present also. She recalled sending the defendant to her house at 10:30 p.m. to tell her babysitter that they would be late. Brown said that a few days later, the defendant pulled her over and told her about the charges and informed her that the offense occurred on the night that he was playing basketball with them. Brown testified that she plays basketball at the school on a regular basis.

4

Jason Brown testified that he had known the defendant for approximately six years. He stated that he and the defendant were at North Elementary School playing basketball from approximately 6:00 p.m. to 10:00 p.m on March 21, 1995. Brown recalled seeing the defendant a few days later who told him about the charges. He said that he told the defendant that he could not have committed the crime because he was playing basketball with him. He said that he often played ball at the school.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to support his conviction. He argues that there is insufficient evidence because the testimony of the state's witnesses contradict each other and are also contradicted by defense witness' testimony that the defendant was playing basketball at the time of the offense. He also asserts that the state's witnesses never identified the person coming out of the school but instead identified the defendant as someone they saw running from behind another school building.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we may not reweigh the evidence, but must presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

In the light most favorable to the state, the defendant was seen carrying a backpack and running away from the school after setting off the school's alarm and

slamming a door as he left. The defendant refused to stop when Durham yelled at him and instead ran into the woods. Several packages of baseball cards and a screwdriver were found in the location where the defendant ran. Also, the door to the school showed several scratches. The school was normally locked after school hours, and there was no evidence that the defendant had permission to be inside the school. Both Durham and McClearn positively identified the defendant as the person they saw running away from the school. Under these circumstances, we hold that the evidence establishes the defendant's guilt for the offense of burglary beyond a reasonable doubt.

## II. SENTENCING

Next, the defendant claims that the trial court incorrectly used enhancement in determining the length of his sentence. He contends that considering the mitigating factors found to be applicable by the trial court, the maximum, Range I sentence of four years for a Class D felony should not have been imposed. In response, the state asserts that the trial court properly applied the enhancement and mitigating factors and determined that the enhancement factors should be given great weight.

Significantly, the defendant does not argue that the trial court improperly applied enhancing and mitigating factors. Rather, he essentially asserts that the trial court should have given more weight to the applicable mitigating factors. However, the trial court is granted the discretion to determine the weight to be given to applicable factors, see T.C.A. § 40-35-210, Sentencing Commission Comments, and its decision will be upheld absent an abuse of that discretion. See State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

The presentence report reflects that the then twenty-one-year-old defendant had previous convictions for public intoxication, vandalism, and felony theft.

The present offense was committed while he was on probation for the theft.  Also, the record reflects that the defendant had violated his probation conditions aside from the present offense.  Although the trial court found that the defendant's conduct neither caused nor threatened injury nor resulted in property damage, it concluded that his criminal history, history of unwillingness to comply with conditions of release, commission of the crime while on probation and commission of the crime on school property justified the maximum sentence.  The record supports the sentence imposed.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

_____Joseph M. Tipton, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
William M. Barker, Judge